UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| MARVA CROWDER, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 20 C 5137 |
| | ) | |
| v. | ) | Judge Sharon Johnson Coleman |
| | ) | |
| CITY OF CHICAGO, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION AND ORDER**

      Pro se plaintiff Marva Crowder brings a Fourth Amendment claim against defendants City of Chicago, Chicago Police Officer Genghis Harris, and others in relation to his arrest in February 2015 for domestic battery. *See* 42 U.S.C. § 1983. Before the Court is defendants' motion to dismiss brought pursuant to Federal Rule of Civil Procedure 12(b)(6). For the following reasons, the Court grants defendants' motion with prejudice.

**Background**

      Construing his pro se allegations liberally, *see Harris v. United States*, 13 F.4th 623, 627 (7th Cir. 2021), Crowder alleges that on February 14, 2015, Officer Harris was dispatched to his home due to a domestic disturbance call. When Officer Harris was at Crowder's home, Crowder's girlfriend told the officer that she did not want to press charges, but just wanted Crowder to leave. At that time, Officer Harris told Crowder and his girlfriend that there was an investigative alert for a February 2013 armed robbery concerning Crowder. Officer Harris then arrested Crowder. Crowder alleges that Officer Harris arrested him without probable cause and that he was charged with a fraudulent complaint for domestic battery, namely, that his girlfriend did not sign the domestic battery complaint.

Prior to the present lawsuit, on January 17, 2017, Crowder filed a complaint against Chicago police officers and others alleging defendants violated his constitutional rights by creating a fraudulent criminal complaint for the February 2013 armed robbery over which Judge Blakey presided. *See Crowder v Barrett*, Case No. 17 C 0381. In June 2021, the Court in this matter granted defendants' motion to stay pending defendants' motion to consolidate the two cases in front of Judge Blakey, who denied the motion to consolidate on March 23, 2022. Also on March 23, 2022, Judge Blakey granted defendants' summary judgment motion and dismissed the 2017 lawsuit. The Court then lifted the stay in this matter and held several status hearings to discuss the progress of this case before defendants filed the present motion to dismiss.

**Legal Standard**

A motion to dismiss pursuant to Rule 12(b)(6) for failure to state a claim tests the sufficiency of the complaint, not its merits. *Skinner v. Switzer*, 562 U.S. 521, 529, 131 S.Ct. 1289, 179 L.Ed.2d 233 (2011). When considering dismissal of a complaint, the Court accepts all well-pleaded factual allegations as true and draws all reasonable inferences in favor of the plaintiff. *Erickson v. Pardus*, 551 U.S. 89, 94, 127 S.Ct. 2197, 167 L.Ed.2d 1081 (2007) (per curiam). To survive a motion to dismiss, plaintiff must "state a claim for relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). A complaint is facially plausible when the plaintiff alleges "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009).

"A defendant filing a motion under Rule 12(b)(6) or 12(c) can base its motion on only 'the complaint itself, documents attached to the complaint, documents that are critical to the complaint and referred to in it, and information that is subject to proper judicial notice.'" *Kuebler v. Vectren Corp.*, 13 F.4th 631, 636 (7th Cir. 2021) (citation omitted). "[A] motion to dismiss based on failure

to comply with the statute of limitations should be granted only where the allegations of the complaint itself set forth everything necessary to satisfy the affirmative defense." *Vergara v. City of Chicago*, 939 F.3d 882, 886 (7th Cir. 2019) (citation omitted).

**Discussion**

In their motion, defendants first argue that Crowder's claims are time-barred under the two-year limitations period for constitutional claims in Illinois. "Because § 1983 does not contain an express limitations period, federal courts adopt the law of the forum state," and thus Crowder's Fourth Amendment claim is "subject to Illinois' two-year limitations period." *Bowers v. Dart*, 1 F.4th 513, 518 (7th Cir. 2021). False arrest claims accrue once the plaintiff is either detained or released as the result of a lawful process. *See Wallace v. Kato*, 549 U.S. 384, 397, 127 S.Ct. 1091, 166 L.Ed.2d 973 (2007); *Regains v. City of Chicago*, 918 F.3d 529, 533 (7th Cir. 2019). The policy behind limitations periods involves the balance between putting defendants on notice of claims against them within a reasonable time and guaranteeing protection to plaintiffs who promptly assert their rights. *See Delaware State College v. Ricks*, 449 U.S. 250, 256, 101 S.Ct. 498, 66 L.Ed.2d 431 (1980); *Walker v. Armco Steel Corp.*, 446 U.S. 740, 751, 100 S.Ct. 1978, 64 L.Ed.2d 659 (1980).

According to Crowder's allegations and response brief, a judicial determination of probable cause was made on February 16, 2015, which is the date when Crowder's false arrest claim accrued. Under the two-year limitations period, Crowder had until mid-February 2017 to file the present lawsuit. Instead, he filed his initial complaint in this lawsuit on September 1, 2020, which is over three years too late. Crowder's argument that state prosecutors allegedly lied about the status of the domestic battery prosecution, which was eventually dismissed, does not change the accrual date for the Fourth Amendment claim nor does it toll the two-year limitations period.[1] Meanwhile, Crowder

---

[1] If Crowder is attempting to bring a malicious prosecution claim in his May 2022 amended complaint, any such claim is untimely under the one-year limitations period pursuant to the Illinois Local Government and Government Employees Tort Immunity Act, 745 ILCS 10/2-202.

could have brought his Fourth Amendment claim against Officer Harris for the domestic battery arrest in his 2017 lawsuit, which was timely. The Court therefore grants defendants' motion to dismiss based on the two-year limitations period.

Even if Crowder's complaint had been timely, he is precluded from bringing the present lawsuit due to his earlier lawsuit in front of Judge Blakey under the doctrine of claim splitting. "The rule against claim splitting prohibits a plaintiff from bringing a new case raising issues arising out of the same transaction or occurrence as an earlier case, when those issues could have been raised in the first litigation." *Rexing Quality Eggs v. Rembrandt Enter., Inc.*, 953 F.3d 998, 1002 (7th Cir. 2020); *see also Brown v. City of Chicago,* 771 F.3d 413, 414-15 (7th Cir. 2014). Here, Crowder's February 14, 2015 arrest for domestic battery led to his arrest for the February 2013 armed robbery, the subject of the first lawsuit. The two arrests were intertwined, as established by the allegations in both lawsuits, which are nearly identical. Therefore, the Court, in its discretion, dismisses this second lawsuit based on claim splitting. *See Cooper v. Retrieval-Masters Creditors Bureau, Inc.*, ___ F.4th ___, 2022 WL 3009807, at *5 (7th Cir. July 29, 2022).

**Conclusion**

For these reasons, the Court grants defendants' motion to dismiss [39]. Civil case terminated.

**IT IS SO ORDERED.**

Date: 8/25/2022

Entered: _____
SHARON JOHNSON COLEMAN
United States District Judge

4